### 28643. WILBANKS *v.* DUNN.

DECIDED FEBRUARY 27, 1941. REHEARING DENIED APRIL 4, 1941.

*W. W. Stark, J. B. G. Logan, Sam Kimzey, J. Herbert Griggs,* for plaintiff in error.

*Kelley & Brannon, J. H. Cash, E. C. Stark,* contra.

FELTON, J. Mrs. Doris Maxwell Dunn sued J. H. Wilbanks for damages. Her petition alleged, substantially, that Wilbanks was her uncle; that he had lived as a neighbor for a number of years. and she had the utmost confidence in him; that since the death of her father she and her mother had relied and depended upon the defendant to advise them correctly in business matters and other problems; that he had made petitioner and her mother small loans, and occupied a confidential relationship to them; that petitioner stood an examination which made her eligible for appointment as

postmaster at Baldwin, Georgia; that defendant sent her word that she would be appointed postmaster if she would agree that Mrs. Lorena Sellers be retained as her assistant until January 1, 1938; that petitioner went to the home of the defendant, who was chairman of the Democratic Executive Committee from Banks County, where he told her that if she would agree to allow Mrs. Sellers to remain at the Baldwin post-office until January 1, 1938, she, petitioner, would be appointed and have a lifetime job, but that if petitioner did not so agree the eligible list would die and petitioner would have to compete with twenty-five or thirty applicants on the next examination; that petitioner agreed to the proposal because the defendant assured her it was in no way a violation of the postal laws or regulations, and that there was nothing wrong in making such an agreement; that defendant falsely made these representations and fraudulently obtained a written agreement to carry out its terms; that when petitioner received her commission to take over the post-office in thirty days the defendant told her that if she broke the agreement he would send it to the Post-Office Department and that she would be removed; that defendant did send the statement to the Post-Office Department and caused other charges to be preferred against petitioner, which resulted in her removal; that defendant made the proposition outlined and induced petitioner to enter into the agreement with the intention of using it for the purpose of procuring her removal. The jury found for the plaintiff. The defendant excepted to the overruling of his motion for new trial.

The evidence adduced on the trial failed to sustain the allegations of the petition, and showed in addition that the plaintiff's injuries were the result of her own conduct. The evidence showed that the plaintiff sought to take charge of the office before January 1, 1938, and that this effort brought on an investigation. The plaintiff herself brought about the investigation which revealed to the postal inspector the existence of the written agreement, and the inspector obtained it from the defendant. The defendant did not report the agreement until asked about it, and he made no other charge or complaint against the plaintiff. It does not appear that he procured the removal of the plaintiff. Mr. Jesse M. Donaldson, deputy to the first assistant postmaster-general testified, without objection, as follows: "Every appointee is required to file an oath

with the comptroller-general that he has not received anything of value or made any promises in connection with the appointment. . . Miss Maxwell did not properly execute such an affidavit." Miss Maxwell, now Mrs. Dunn, was therefore the author of her own misfortune. If in her affidavit she had revealed to the post-office authorities the making of the agreement, she would not have been appointed, because it was and is against the rules of the department for a postmaster to permit another to receive his salary. There is no evidence to show that the plaintiff would have received the appointment if she had not signed the agreement. The evidence did not authorize the verdict. It is not deemed necessary to pass on the other assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*